Filed 3/6/13  P. v. Donald CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE ANTHONY DONALD IV,<br><br>    Defendant and Appellant. | E054644<br><br>(Super.Ct.No. SWF1100778)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Larrie R. Brainard, Judge. (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Willie Anthony Donald IV guilty of assault with a deadly weapon, to wit, a knife (Pen. Code, § 245, subd. (a)(1), count 1)[1] and making criminal threats (§ 422, count 2).  The jury also found true that in the commission of count 2, defendant personally used a deadly and dangerous weapon, to wit, a knife. (§ 12022, subd. (b)(1).)  Defendant was sentenced to a total term of three years in state prison with credit for time served as follows:  two years on count 1, plus a consecutive one-year term for the weapon use enhancement attached to count 2; and a concurrent two-year term on count 2.

On appeal, defendant argues his sentence was unauthorized.  Specifically, he contends (1) the trial court erred in imposing a consecutive one year term for the weapon use enhancement attached to count 2 when sentence on that count was ordered to be served concurrently; and (2) the trial court erred in failing to stay his sentence on one of the counts pursuant to section 654.  The People agree.  We also agree and will modify the judgment.

I

FACTUAL BACKGROUND

On January 24, 2011, the victim and her fiancé, defendant, were in a bedroom of her mother's home when defendant accused her of being unfaithful.  Defendant and the victim argued in the bedroom while their eight-month-old child was in the room with

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

them.  Defendant threatened to kill the victim and said, "I know you're seeing someone else.  And if I find out, I'll fuckin' kill you."

Defendant then left the bedroom, went into the kitchen, and returned with two knives.  He sat on the bed with the knives, continuing to accuse the victim of seeing other men and saying, "I oughta fuckin' kill you right now."  Defendant then threw the knives at the victim, and she moved to avoid being hit by the knives.  The victim told defendant that he was being stupid, that he was not going to use the knives on her, and that he should leave.  Defendant then got up, picked up a long-serrated knife from the floor, and walked behind the victim.  He held the knife at her neck, moved it in a sawing motion and said, "I oughta cut your—or I should cut your fuckin' head off right now."  The victim yelled out to her mother for help, telling her to call 911.  The victim was afraid defendant was going to kill her.

The victim's mother called 911.  The victim spoke to the police, both on the telephone and when they arrived at the house, describing the incident.  She was crying and appeared to be afraid and distraught.

Defendant denied threatening to kill the victim, throwing knives at her, or putting a knife against her neck.  He explained that he did not want to argue with the victim so he went into the kitchen to cook something to eat; that he had been using a knife to cut up food when he went back into the room to tell her about going to San Bernardino the next day; and that he had the knife in his hands but was careful to hold it at his side.

## II

## DISCUSSION

A.      *Sentence for the Weapon Use Enhancement*

Defendant argues that the trial court erred in imposing a consecutive one-year term for the weapon use enhancement attached to count 2 when the sentence on that count was ordered to be served concurrently. The People correctly concede, but claim the matter need not be remanded because as set forth in the next argument, the parties agree on the sentence to be imposed. We also agree.

"The procedure for sentencing a person convicted of two or more felonies does not contemplate imposing an enhancement separately from the underlying crime." (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310.) In other words, specific enhancements may not be separated from their correlative substantive offenses. Thus, if the substantive offense is ordered to run concurrent as a subordinate term, the enhancement must do so as well. (*Ibid*. [an enhancement to a count ordered to run concurrent must also run concurrent].)

Here, the trial court sentenced defendant to two years on count 1 (assault with a deadly weapon), a concurrent term of two years on count 2 (making criminal threats), plus a consecutive term of one year on the weapon use enhancement attached to count 2. The trial court imposed an unauthorized sentence when it imposed a concurrent term on the substantive conviction but a consecutive sentence on the weapon use enhancement. However, as the parties point out and as discussed below, a remand will not be necessary in this case.

4

B.     *Section 654*

Defendant also argues that the trial court erred in failing to stay the sentence on either the assault (count 1) or criminal threat (count 2) pursuant to section 654, "because both crimes were committed as part of an indivisible transaction pursuant to a single criminal objective."  Defendant further contends that the trial court erred in failing to determine whether section 654 was applicable and that punishment for the assault conviction should be stayed.  The People agree, noting that section 654 was applicable; that defendant's sentence on count 1 should be stayed; and that defendant should be sentenced to three years (two years on count 2, plus one year for the weapon use enhancement attached to count 2).  We also agree.

Section 654, subdivision (a), provides in pertinent part:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

"Section 654 precludes multiple punishments for a single act or indivisible course of conduct."  (*People v. Hester* (2000) 22 Cal.4th 290, 294.)  Whether a course of criminal conduct is divisible depends on the intent and objective of the defendant.  (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)  "We have traditionally observed that if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, [the] defendant may be found to have harbored a single intent and therefore may be punished only once."  (*Ibid*.)  On the other hand, "if the defendant harbored 'multiple or simultaneous objectives, independent of and not merely incidental

5

to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct. [Citation.]' [Citations.]" (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

The question of whether defendant harbored a single intent or objective within the meaning of section 654 is a factual one. (*People v. Harrison*, *supra*, 48 Cal.3d at p. 335.) We review the trial court's express or implied factual determination on this issue for substantial evidence. (*People v. Osband* (1996) 13 Cal.4th 622, 730.) One relevant consideration in determining whether multiple crimes should be considered severable for section 654 purposes is the "'temporal proximity'" of the crimes. (*People v. Evers* (1992) 10 Cal.App.4th 588, 603, fn. 10.)

Initially, we agree with the parties that the trial court erred in failing to determine whether section 654 was applicable. Prior to sentencing, the probation department recommended that the trial court sentence defendant to three years in prison on count 1, and stay the sentence on count 2 pursuant to section 654. At the sentencing hearing, the prosecutor argued that the middle term of three years should be imposed as to count 1, and requested "to be heard regarding 654." Thereafter, without discussing the section 654 issue, the trial court sentenced defendant to three years—the low term of two years on count 1, plus a consecutive one year for the weapon use enhancement attached to count 2. The following colloquy then ensued between the prosecutor and the court:

"[THE PROSECUTOR]: Okay. So the Court isn't making a finding that it's 654. The Court is simply running them concurrent?

6

"THE COURT: Yes. Concurrent. I'm not sure they don't fall within the 654 purview in light of the facts of this case. But it doesn't matter. I'm going to run them concurrent."

The trial court here erred in finding that it did not matter whether section 654 applied, because section 654 must be taken into consideration when sentencing a defendant. (See *People v. Pearson* (1986) 42 Cal.3d 351, 359-361 [§ 654 generally "prohibits the use of a conviction for any punitive purpose if the sentence on that conviction is stayed"]; *People v. Deloza* (1998) 18 Cal.4th 585, 592 ["Section 654 does not allow any multiple punishment, including either concurrent or consecutive sentences"].)

Additionally, we find insufficient evidence to support an implied finding that defendant had independent criminal objectives for the criminal threat and assault. During closing argument, the prosecutor argued that there were three acts that could support the assault charge, which were as follows: (1) when defendant entered the room with both knives and threatened to kill the victim; (2) when defendant threw the knives at the victim; and (3) when defendant placed a knife to the victim's neck while threatening to kill her. Under any scenario argued by the prosecutor, the threat and assault took place simultaneously or in quick succession as part of an "indivisible course of conduct" with the single objective of placing the victim in fear for her life. Defendant can therefore be punished only once for these offenses. (*People v. Deloza*, *supra*, 18 Cal.4th at p. 592.)

Defendant argues that his sentence on the aggravated assault conviction should be stayed and that he should receive a total sentence of three years. The People have no

7

objection. We agree. Thus, the sentence on count 1 for aggravated assault with a deadly weapon must be stayed; and defendant should be sentenced to a total term of three years in state prison (the middle term of two years on count 2 for making criminal threats plus a consecutive one-year term for the weapon use enhancement attached to that count).

## III

## DISPOSITION

The judgment is modified as follows: the two-year term imposed on count 1 (assault with a deadly weapon) is hereby stayed; the two-year concurrent term on count 2 (making criminal threats) is hereby deemed the principal term; and the consecutive one-year term for the weapon use enhancement remains the same. The trial court is directed to amend the September 28, 2011 sentencing hearing minute order and the abstract of judgment in accordance with these modifications, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. (§§ 1213, 1216.) The judgment as thus modified is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                                                            P. J.

We concur:


RICHLI_____
                        J.


MILLER_____
                        J.

8