Filed 7/29/13  P. v. Cho CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047006 |
| v. | (Super. Ct. No. 07NF1324) |
| THOMAS HYONG TAE CHO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed in part, reversed in part and remanded.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Susan Miller and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant led police on a high-speed chase during which his passenger fired several shots at a pursuing squad car. He was convicted of four crimes and sentenced to thirteen years in prison. He does not challenge his underlying convictions but contends his sentence is erroneous in three respects. We vacate his sentence and remand for resentencing but otherwise affirm the judgment.

DISCUSSION

On the substantive offenses, the court gave appellant eight years for assaulting a police officer with a firearm. (Pen. Code, § 245, subd. (d)(1).)[1] Pursuant to section 654, the court stayed his sentences for shooting from and at a motor vehicle. (§§ 12034, subd. (d) & 246.) And for the crime of recklessly evading the police, the court gave appellant a concurrent sentence of three years. (Veh. Code, § 2800.2.)

As to all four offenses, the jury found true a one-year enhancement allegation that appellant was armed with firearm. (§ 12022, subd. (a)(1).) With regard to the first three offenses, the court stayed the enhancement under section 654. However, on the reckless evasion count, the ordered the enhancement to run consecutively to that count. The court also gave appellant four years for having served four prior prison terms. (§ 667.5, subd. (b).)

It is undisputed that imposition of the one-year firearm enhancement on the reckless evasion count was improper. Because the court imposed a *concurrent* sentence on that count, it could not impose a *consecutive* enhancement. (*People v. Bui* (2011) 192 Cal.App.4th 1002, 1016.) In curing this error on remand, the trial court is free to restructure appellant's sentence to ensure it is commensurate with his culpability. However, the court must keep in mind that double jeopardy principles generally prohibit the imposition of a greater sentence on remand following an appeal. (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311.)

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

2

It is also apparent the trial court miscalculated appellant's presentence conduct credits. The issue is complicated by a change in section 4019 that became effective on October 1, 2011, while appellant was in custody prior to sentencing. Appellant contends that, from that date on, he was entitled to receive conduct credit at the rate of one day for every day spent in custody. However, as we explained in *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, an opinion which was filed after sentencing in this case, the determinative factor in deciding entitlement to one-for-one conduct credit is the date of the defendant's crimes, not the dates he spent in custody prior to sentencing. (*Id*. at pp. 47-56.)

Appellant claims *Rajanayagam* was wrongly decided but we disagree and direct the trial court to follow it on remand. Since appellant's crimes all occurred prior to October 1, 2011, he is not entitled to one-for-one conduct credits but "one-for-two conduct credits, which is two days for every four days of actual time served in presentence custody. [Citation.]" (*People v. Rajanayagam, supra,* 211 Cal.App.4th at p. 48.)

*People v. Jones* (2012) 54 Cal.4th 350 is another relevant case decided after appellant was sentenced. It discusses the parameters of section 654 and is pertinent to appellant's claim section 654 requires his sentence for reckless evasion be stayed. In particular, *Jones* examines the issue of when the commission of multiple crimes constitutes a single act for purposes of section 654 and thus may not be punished separately. (*Id*. at pp. 353-360.) Because the trial court did not have the benefit of the *Jones* decision at the time of sentencing, the court shall consider its application in resentencing appellant.

3

## DISPOSITION

Appellant's sentence is vacated and the matter is remanded for resentencing consistent with the views expressed herein.  In all other respects, the judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

4