Filed 6/24/14  P. v. Gomez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL GEORGE GOMEZ,<br><br>Defendant and Appellant. | H039952<br>(Santa Clara County<br>Super. Ct. No. C1348695) |

On his plea of no contest, Paul George Gomez was convicted of vehicle theft and disorderly conduct.  On appeal he contends that the order granting probation failed to clearly reflect certain terms of his plea bargain and failed to include required scienter elements in two probation conditions.  Respondent concedes the errors.  We will modify the judgment accordingly, and affirm the judgment as so modified.

## BACKGROUND

Late on the night of January 20, 2013, San Jose Police Officer Elizabeth Ornelas was patrolling in her vehicle when she saw a Blue Honda which, according to a records check, had been reported stolen.  After another officer arrived to assist her, she "initiated tactical parking" by passing the Honda and stopping her own car.  She heard the Honda's engine "revving" and then felt an impact as the Honda "rammed" her vehicle.  Both officers got out of their cars and approached the driver's side of the Honda.  Both

identified defendant at the preliminary hearing as the driver. After he ignored instructions to get out of the car, Officer Rodriguez broke the window with his baton. The officers opened the door and pulled defendant out of the vehicle and onto the ground. He refused orders to show his hands and put them behind his back until after Officer Ornelas struck him with her baton. Inside the Honda they found no keys, but there was a screwdriver with which Officer Ornelas was able to shut off and restart the engine.

When arrested defendant was wearing a blue hoodie and sporting several tattoos, including a "13," "M-S-L," "W-S-S-J," three dots near the outer corner of his left eye, and a cross on his middle finger. A passenger in the Honda had a blue bandana hanging from a pocket. Testifying as an expert at the preliminary hearing, a police officer opined that defendant was a member of a criminal street gang and that his actions in this case were committed for the benefit of a criminal street gang.

Defendant was charged with three counts: (1) Assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (c)), with a gang enhancement (*id*., § 186.22, subd. (b)(1)(B)); (2) vehicle theft (Veh. Code, § 10851, subd. (a)) with a gang enhancement (Pen. Code, § 186.22, subd. (b)(1)(A)); and (3) misdemeanor obstructing an officer (Pen. Code, § 148, subd. (a)(1)).

On June 17, 2013, the court and counsel made a record of a negotiated plea under which counts 1 and 3 would be dismissed and the information would be amended to include a count 4 alleging a "415," i.e., disorderly conduct in violation of Penal Code section 415, subdivision (1). The gang enhancements attached to count 1 and 2 would also be dismissed. Defendant would plead guilty or no contest to counts 2 and 4, and the court would place him on probation with a jail term equal to credit for time served at time of sentencing. In accordance with these terms, defendant entered pleas of no contest to counts 2 and 4.

2

On July 19, 2013, the court suspended imposition of sentence and placed defendant on probation on the condition, among others, of a jail term that the court deemed served.

## I. CONDITIONAL CONCESSION

Defendant raises three challenges to the judgment: (1) the record fails to adequately reflect the striking of both gang enhancements, as required under the negotiated plea; (2) a probation condition concerning firearms should be modified to include an explicit scienter requirement; and (3) a condition concerning contact with the victim should likewise be modified.

Respondent concedes all three points, but only conditionally. Referring to the failure to clearly dismiss the gang enhancements, respondent writes, "*If there is any ambiguity in the formal probation order that appellant signed*, then it should be corrected . . . ." (Italics added.) Later, with reference to the claimed defects in the probation conditions, respondent writes, "[T]he *written probation order that appellant signed is not included in the record* on appeal, so we do not know *if it contains the 'knowingly' language* . . . . If not, then it should be modified accordingly." (Italics added.) The supposition that there is a written "formal probation order," signed or unsigned, is unsupported, and indeed contradicted by the record. Nowhere in the record is such an order alluded to. Had a written order granting probation been prepared, it would constitute the "judgment" for purposes of appeal. (Pen. Code, § 1237, subd. (a).) That in turn would make it a mandatory part of the record on appeal. (Cal. Rules of Court, rule 8.320(b)(8).) The absence of any such document from the clerk's transcript constitutes a prima facie demonstration that it does not exist. If respondent believed the record was incomplete in this regard, it behoved respondent to correct it. In the absence of such correction, we must presume that the superior court clerks performed their legal duties and supplied a complete record. From this it follows that no written order of

3

probation was ever made, and that the only judgment is the one reflected in the court's oral statements at the sentencing hearing and the minute order memorializing that hearing.  (See *People v. Shiseop Kim* (2011) 193 Cal.App.4th 836, 847-848; 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 152, p. 431.)  To the extent respondent's concessions are conditional, then, the condition must be deemed satisfied.

## II. GANG ENHANCEMENTS

Counts 1 and 2 each included allegations under Penal Code section 186.22, subdivision (b)(1) (§ 186.22(b)(1)), which provides for enhanced punishment when a defendant is "convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members."  Count 1, charging assault with a deadly weapon on a police officer, invoked section 186.22(b)(1)*(B)*, which provides a five-year enhancement when the underlying offense is a "serious felony."  Count 2, charging vehicle theft, invoked section 186.22(b)(1)*(A)*, which can operate in connection with any felony charge, adding a term of two, three, or four years.  As relevant here, the negotiated plea called for the dismissal of count 1, a guilty plea to count 2, and the dismissal of both enhancements.

At sentencing the court dismissed "the allegation of 186.22(b)(1)(A) of the Penal Code," i.e., the enhancement in count 2; but it did not refer to the allegation under subdivision (b)(1)(B), i.e., the enhancement in count 1.  By that omission, defendant contends, the court "erroneously failed to dismiss the gang enhancement charged pursuant to section 186.22, subdivision (b)(1)(B)."  Accordingly, he contends, this court should "dismiss the second gang enhancement."

It is at least arguable that an order explicitly dismissing the enhancement in count 1 would have been superfluous, since the underlying count was itself dismissed. An enhancement is "dependent upon and necessarily attached to its underlying felony."

4

(*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311.)  Once count 1 was dismissed, it is doubtful that anything of the count 1 enhancement remained to dismiss.

Respondent, however, seems to construe defendant's argument as one that the court failed to unequivocally dismiss the enhancement associated with *count 2*. Respondent concedes the point thus mistakenly attributed to defendant.  But defendant appears to recognize that by referring to section 186.22(b)(1)(A), the court expressed the intention to fulfill the plea bargain by dismissing the count 2 enhancement. Unfortunately, this dismissal is not clearly reflected in the written record.  The minute order of the sentencing hearing contains only the cryptic notation, "alleg 186.22(B)(1) – dism."  This entry is ambiguous in two, and arguably three respects:  It uses the singular "alleg," it misnumbers the subdivision, and it fails to specify whether the dismissal applies to the enhancement under subdivision (b)(1)(A), the one under (b)(1)(B), or both. Because this ambiguity could complicate future proceedings, we will direct a modification of the judgment to explicitly strike both sentence enhancements.[1]

### III.    FIREARMS CONDITION

The probation department recommended that defendant be directed not to "own, *knowingly* possess, or have within his/her custody or control any firearm or ammunition for the rest of his/her life pursuant to Section 29800 and Section 30305 of the Penal Code."  (Italics added.)  As orally stated by the court, however, the condition lacked this knowledge requirement:  "[Y]ou cannot own, possess, have in your care, custody or control any firearm or ammo for the rest of your life pursuant to section 29800 and section 30305 of the Penal Code."[2]  Defendant contends that the omission of a knowledge

---

[1]  Respondent also observes that the minutes fail to clearly reflect the agreed dismissal of count 3.  Since no harm can be done by clarifying the judgment on this point, we will do so.

[2]  A directive purporting to prohibit conduct "for the rest of your life" appears technically improper *as a probation condition*.  A sentencing court doubtless acts

requirement renders the condition objectionable under decisions from this and other courts. Respondent concedes that the condition should include a knowledge requirement. This court has routinely held that similar probation conditions should include an express scienter requirement. We will therefore accept the concession.

## IV. VICTIM CONTACT

As recommended by the probation department, the victim-contact condition stated simply "The defendant shall have no contact with the victim(s)." At sentencing, however, the court adverted to this subject twice. First it echoed the probation report, stating, "You can't have contact with the victim or victims in this case." It then asked the prosecuting attorney for the victim's names, to which the latter replied that he did not have the file because he was standing in for another attorney. After the court pronounced several unrelated terms and conditions, the prosecuting attorney offered that "one of the victims is a police officer," to which defense counsel interjected that this was true only of a dismissed count (meaning count 1), and that "Eliot Garcia is the victim of the count to which he's pled." The court then stated, "Have no contact with Eliot Garcia by any means including phone, text, e-mails, in person. Stay a hundred yards away at all times knowingly if you run into him."

Given the nature of the crime, it cannot be assumed that defendant knew the victim's name or could otherwise identify him.[3] Therefore, as recommended by the

properly, and indeed commendably, by notifying the defendant of the lifetime *statutory* prohibition on firearms possession. But such an advisement would better be expressed as an addendum to the probation condition, rather than commingled with it.

[3] Indeed, one of the recurring anomalies posed by the recent proliferation of no-contact orders to all kinds of cases is their complete futility where, as here, the defendant probably would not know the victim, or vice versa, if they were on a bus facing each other across the aisle. In such a case the victim's interests would probably be better served by providing the defendant with as little information about him as possible—beginning with the sparing use of his name.

probation officer, and as first pronounced by the court, the prohibition on contact with "the victim" was unconstitutionally vague.  (See *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594-595.)  Assuming this prohibition was superseded by the court's second pronouncement, however, that particular defect was cured.  Defendant's objection, however, remains:  that the condition contains no knowledge element.  It appears that the court intended to include such an requirement by using the term "knowingly."  As the condition was pronounced, however, that term referred to the act of "[s]tay[ing] . . . away" from the victim, not contacting him.  Respondent concedes that the condition should include a properly formulated knowledge requirement.  We will direct an appropriate modification.

## DISPOSITION

The order granting probation is modified to include the following terms and conditions:

(1) The gang enhancement alleged in count 2, along with that in count 1, is dimissed;

(2) count 3 is dismissed;

(3) the firearms condition is modified to state, "You will not knowingly have in your care, custody, or control any firearm or ammunition"; and

(4) the stay-away condition is modified to state, "You will not knowingly contact Eliot Garcia by any means, including by phone, text, e-mails, or in person, and you will not knowingly come within 100 yards of him."

As so modified the judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:


_____

PREMO, J.


_____

MÁRQUEZ, J.

8