Filed 12/11/20  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073637 |
| v. | (Super.Ct.No. RIF100567) |
| EARNEST LEE JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A jury found defendant and appellant Earnest Lee Jones guilty of attempted voluntary manslaughter (Pen. Code,[1] §§ 664, 192, subd. (a), count 1), assault with a semiautomatic firearm upon four different individuals (§ 245, subd. (b), counts 2, 4, 6, 7), attempted murder (§§ 664, 187, count 3), and discharging a firearm at an occupied vehicle (§ 246, count 5). The jury also found true various enhancement allegations as to each count. The trial court sentenced defendant to an indeterminate term of 32 years to life, plus a determinate prison term of 17 years. The case was remanded on two occasions for resentencing, following two prior appeals.[2]

This third appeal arises from a resentencing hearing that was conducted after the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court, requesting it to determine if a correction in the sentence was required with regard to the sentence on count 5. Defendant now contends that, in resentencing him, the court erred: (1) in imposing the upper term on count 6; and (2) in imposing the term on count 4 concurrently, rather than staying it under section 654. The People concede these two errors. However, the People raise a third issue, contending that the court erred in resentencing defendant on count 5 based on the CDCR's reason stated in its letter. We

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] Defendant filed a request for this court to take judicial notice of our prior opinions in case Nos. E034706 and E041222. (See *People v. Jones* (Dec. 17, 2004, E034706) [nonpub. opn.] & *People v. Jones* (Feb. 27, 2009, E041222) [nonpub. opn.].) By order filed on February 25, 2020, we granted that request.

agree with the parties that the court erred in its sentencing on counts 4 and 6.  In all other respects, we affirm the judgment.

PROCEDURAL BACKGROUND

Defendant filed his first appeal in 2003 and contended that the trial court failed to instruct the jury sua sponte with CALJIC No. 8.40, defining voluntary manslaughter.  We affirmed the judgment, but agreed with the People that the court had improperly struck or stayed the imposition of an enhancement under former section 12022.53, subdivision (d), on count 5.  We thus remanded the matter for resentencing.  (*People v. Jones*, *supra*, E034706.)

At the resentencing hearing on May 12, 2005, the trial court imposed five years on count 5, to run concurrent to count 6, and imposed 25 years to life on the former section 12022.53, subdivision (d) enhancement on count 5, to run consecutive to the sentence imposed on count 3.  (*People v. Jones*, *supra*, E041222.)  It also imposed the upper term of nine years on count 6 (the principal offense) and imposed the midterm of six years on count 4 and stayed the term, pursuant to section 654, as it had previously.  The total sentence imposed was 57 years to life, plus a determinate term of 13 years.

In 2006, defendant appealed from his resentence.  He argued that at the resentencing hearing:  (1) the trial court erred by imposing a consecutive enhancement of 25 years to life under former section 12022.53, subdivision (d), on count 5; (2) the court erred under *Cunningham v. California* (2007) 549 U.S. 270, *Blakely v. Washington* (2004) 542 U.S. 296, and *Apprendi v. New Jersey* (2000) 530 U.S. 466, in imposing the

3

upper term as to count 6; and (3) on count 3, the court sentenced him to the indeterminate term of life with a minimum parole eligibility of seven years, but then improperly added the 25-year-to-life enhancement under former section 12022.53, subdivision (d). (*People v. Jones*, *supra*, E041222.) We concluded that the court properly sentenced defendant on count 3. As to count 6, we agreed that the court erred since it imposed the upper term based on a fact other than a prior conviction, and the fact was not the result of a jury finding; thus, we struck the upper term sentence on count 6 and remanded for resentencing. (*People v. Jones*, *supra*, E041222.) As to count 5, we did not agree with defendant's claim. He relied upon *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 (*Mustafaa*) to argue that the trial court could not impose a consecutive enhancement under former section 12022.53, subdivision (d), on count 5 since it imposed a concurrent sentence on the underlying conviction. We stated that nothing in the statutory language of former section 12022.53 barred the enhancement from being imposed consecutively on a count that the court had ordered to run concurrent to the principal term. (*People v. Jones*, *supra*, E041222, at *7-8.) We held that defendant's reliance on *Mustafaa* was misplaced since that case concerned the imposition of a gun use enhancement under former section 12022.5, subdivision (a), not the enhancement under former section 12022.53, subdivision (d). (*Jones*, *supra*, E041222, at *9.)

The court held another resentencing hearing on June 4, 2009. It followed this court's guidance and resentenced defendant on count 6 to the midterm of six years.

On or around May 6, 2019, the Correctional Case Records Manager from the CDCR sent a letter to the court stating that the minute order dated May 12, 2005, and the amended abstract of judgment dated May 17, 2005, reflected that the term on count 5 was imposed concurrently, and the former section 12022.53, subdivision (d) enhancement on count 5 was imposed consecutively to count 3. The letter stated that pursuant to *Mustafaa*, *supra*, 22 Cal.App.4th 1305, it was inappropriate to impose a concurrent term for an underlying offense and impose a consecutive term on the enhancement attached to the underlying crime. The letter asked the court to determine if a correction was required and noted that, when notified by the CDCR that an illegal sentence existed, the trial court is entitled to reconsider all sentencing choices. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 (*Hill*).)

In response to the letter, the court held another resentencing hearing on July 31, 2019. At the outset, it noted for the record that it conducted a long chambers conference with the parties about the "tortured sentencing history of this case." The court stated the attorneys believed that, in order to get closest to the original sentence without violating any resentencing rules, the total sentence should be 16 years four months, plus 32 years to life. Both the prosecutor and defense counsel confirmed the agreement. The court proceeded to sentence defendant. It determined the principal term for the indeterminate sentence would be count 3 and sentenced him to seven years to life on that count. For the former section 12022.53, subdivision (d) enhancement on count 3, the court sentenced him to an additional 25 years to life, consecutive, for a total term of 32 years to life. The

5

court selected count 6 as the principal term for the determinate sentence and sentenced defendant to the upper term of nine years, plus the middle term of four years consecutive on the former section 12022.5, subdivision (a) enhancement, for a total of 13 years. On count 2, the court imposed three years four months to run consecutive to the term in count 6. On count 1, the court imposed six years but stayed it pursuant to section 654. On count 4, it imposed a total of 10 years to run concurrent to all other terms. On count 5, the court imposed the midterm of five years, plus a consecutive 25 years to life on the former section 12022.53, subdivision (d) enhancement "to run concurrent to all other terms." On count 7, the court imposed a total of 10 years to run concurrent to the other terms. When the court asked the parties if there was anything further to discuss, both counsel simply thanked the court.

## DISCUSSION

 I. <u>Defendant's Sentence on Count 6 Must Be Reduced to the Middle Term of Six Years</u>

Defendant contends, and the People concede, that the court erroneously imposed the upper term on count 6. We previously examined the nine-year prison term originally imposed on count 6 in defendant's second appeal and determined that because the trial court imposed the upper term sentence based on a fact other than a prior conviction, and the fact was not the result of a jury finding, the court erred in imposing the upper term. We remanded the matter for resentencing. (*People v. Jones*, *supra*, E041222, at *12-14.) At the second remand hearing on June 4, 2009, the court followed this court's guidance and resentenced defendant on count 6 to the midterm of six years. However, when the

6

court resentenced defendant again at the last hearing on July 31, 2019, it reimposed the original upper term of nine years on count 6. We agree with both parties that the court erred in doing so, and the matter must be remanded once again to reimpose the midterm of six years on count 6 in light of our prior ruling on this specific issue.

## II. The Sentence on Count 4 Should Be Stayed

Defendant asserts that the sentence on count 4 has consistently been ordered to be stayed pursuant to section 654, was not the subject of either of his prior appeals, and was not the subject of the CDCR's letter to the court. Thus, at the remand hearing on July 31, 2019, the court erred in imposing the sentence on count 4 and its attached enhancement to be served concurrently, rather than ordering it to be stayed under section 654. The People correctly concede the error. The court cited no reason for failing to stay the sentence and its attached enhancement. In other words, there was no basis for making a change in defendant's sentence on count 4. We again agree with both parties that the matter should be remanded for the court to stay the sentence and the attached enhancement on count 4 pursuant to section 654.

## III. The People Cannot Seek the Requested Relief

The People raise a new issue in their respondent's brief that was not addressed in defendant's opening brief. The People argue that the trial court erred when it most recently resentenced defendant and imposed a concurrent term for the former section 12022.53, subdivision (d) enhancement on count 5, in accordance with the CDCR letter. The People claim the court was not authorized to impose the enhancement concurrently

since this court already ruled in a prior appeal that the term was properly run consecutively. Thus, the People request the matter be remanded for the trial court to resentence defendant to the prior sentence he was given on June 4, 2009.

The People have forfeited their claim. " ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver." ' " (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590.) The record here shows that the parties had a long conference in chambers about the "tortured sentencing history" in this case, and they agreed that, "in order to get closest to the original sentence without violating any of the rules for resentencing," the total sentence should be 32 years to life, plus 16 years four months.[3] Thus, the People were clearly aware of the sentence the court was going to impose. After the chambers conference, the court proceeded to impose the agreed-upon sentence, which included imposing the term on count 5 and the attached former section 12022.53, subdivision (d) enhancement concurrent to the terms on the other counts. The court gave the parties an opportunity to speak after it pronounced the sentence. The prosecutor affirmed that she had nothing

---

[3] We note that the court "[was] entitled to rethink the entire sentence to achieve its original and presumably unchanged goal." (*Hill*, *supra*, 185 Cal.App.3d at p. 834.)

further to say.  Moreover, as defendant points out, the People apparently elected not to appeal the sentence they now complain of.

Notwithstanding the waiver, the People's argument has no merit.  The People contend the trial court's sentence violated our prior opinion and was thus unauthorized, but we disagree.  In the instant case, when the court resentenced defendant, it stated: "[On] Count 5, the Court imposes mid term of five years.  And for the allegation pursuant to 12022.5[3], subdivision (d), the Court imposes 25 years to life to run consecutive to the term served in Count 5, but that to run concurrent to all other terms."  In our prior opinion, we rejected defendant's claim that the court could not impose a consecutive enhancement under section 12022.53, subdivision (d), on count 5, because the court imposed a concurrent sentence on the underlying conviction, and we said section 12202.53, subdivision (d), required the enhancement to run consecutively.  (*People v. Jones*, *supra*, E041222.)  Here, the court sentenced defendant to five years on the underlying charge and ran the enhancement consecutively for a total sentence on count 5 of 30 years to life, but then ran the entire sentence on count 5 concurrent to all other terms.  Our prior opinion did not say the entire sentence on count 5 could not be run concurrent to any other terms.  Thus, the current sentence does not contradict what we previously said.

Because the People have forfeited their claim, and the current sentence does not violate our prior opinion, we conclude that the People cannot seek to have defendant resentenced on count 5 as requested.

9

## DISPOSITION

The matter is remanded with directions for the trial court to sentence defendant to the middle term of six years on count 6 and to stay the sentence and enhancement on count 4 pursuant to section 654.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                       J.

We concur:

RAMIREZ
        P. J.

MILLER
        J.

10