Filed 8/18/21  P. v. Lacroix CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JEREMIAH LACROIX,<br><br>Defendant and Appellant. | B304354<br><br>(Los Angeles County<br>Super. Ct. No. GA102302) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed as modified with directions.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jeremiah Lacroix appeals from his conviction of murder and other offenses, raising two sentencing issues. The prosecution concedes the errors, and contends the court miscalculated the mandatory fees. We agree with defendant's claims of error, modify the judgment, and otherwise affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

After exchanging words with members of another gang at a bar, defendant left the bar and returned with a gun. Hostilities were re-engaged, and defendant shot three people, one of them fatally.

Defendant was convicted, after a jury trial, of one count each of: (1) second-degree murder (Pen. Code, § 187);[1] (2) attempted voluntary manslaughter (§§ 664/192, subd. (a)); (3) assault with a semiautomatic firearm (§ 245, subd. (b)); and (4) possession of a firearm by a felon (§ 29800, subd. (a)(1)). A number of gang (§ 186.22, subd. (b)), firearm (§§ 12022.5, 12022.53), and great bodily injury (§ 12022.7) enhancements were also found true.

Defendant received an indeterminate term of 15 years to life for the murder, plus 25 years to life for the firearm enhancement, plus an additional 10 years for the gang enhancement. He received a determinate term for the remaining offenses. As it pertains to the present appeal, for felon in possession, defendant was sentenced to eight months plus one year for the gang enhancement. Sentences on some enhancements were imposed and stayed.

---

[1] All further undesignated statutory references are to the Penal Code.

2

The court also imposed a $30 court operations assessment (§ 1465.8), a $40 criminal conviction assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4) and a $300 suspended parole revocation fine (§ 1202.45).[2] The court stayed the fines and fees subject to an ability to pay hearing, if requested.

Defendant filed a timely notice of appeal.

## DISCUSSION

1. ***The Gang Enhancement on the Murder Count Must be Stricken***

Section 186.22 provides various gang enhancements, depending on the offense to which the enhancement applies. If the offense is a violent felony, the defendant shall be punished by an additional 10 years in prison. (§ 186.22, subd. (b)(1)(C).) However, if the offense is punishable by imprisonment for life, the formulation differs – the defendant "shall not be paroled until a minimum of 15 calendar years have been served." (§ 186.22, subd. (b)(5).) A violent felony punishable by imprisonment for life falls under subdivision (b)(5) (the 15-year minimum parole eligibility) not subdivision (b)(1)(C) (the 10-year enhancement), even if the gang enhancement results in no increase to the defendant's term. (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004.)

Defendant contends, the Attorney General concedes, and we agree that defendant's sentence must be modified to strike the 10-year gang enhancement on his murder conviction, and replace it with a 15-year minimum parole eligibility term. (*People v. Arauz* (2012) 210 Cal.App.4th 1394, 1404–1405.)

---

[2] Direct victim restitution of $6,856.44 was ordered at a subsequent restitution hearing.

3

2.  ***The Term for Felon in Possession of a Firearm Must Be Stayed***

Section 654 prohibits multiple punishments for the same act or omission. Defendant contends this statute requires staying his sentence for felon in possession of a firearm, as his firearm possession was not independent of his other offenses. (See *People v. Bradford* (1976) 17 Cal.3d 8, 22 [when the evidence shows a possession only in conjunction with the primary offense, punishment for the possession is improper]; *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1312 [same].) Here, as the trial court recognized at sentencing, defendant left the bar and returned with a firearm. There was no evidence that he possessed it except during the shooting. On appeal, the Attorney General concedes that the sentence for possession of a firearm must be stayed. We agree.

3.  ***The People Waived Any Error Regarding Fees***

Section 1465.8 provides that an assessment of $40 "shall be imposed on every conviction for a criminal offense" to fund court operations. Government Code section 70373 likewise provides an additional assessment of $30 "shall be imposed on every conviction for a criminal offense" for court facilities funding.

Here, the trial court imposed a single set of assessments, amounting to $70, rather than assessments for each of the four convictions, which would amount to $280. In its respondent's brief, the prosecution for the first time argues this was error.

Defendant, in reply, argues any error was forfeited by the prosecution's failure to raise it at sentencing. A party may raise for the first time on appeal a purely legal claim that does not require a factual evaluation. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153.) Claims related to these assessments

4

require a factual evaluation because the fees may not be imposed if the defendant lacks the ability to pay. (*Ibid.*; see also *People v. Castellano* (2019) 33 Cal.App.5th 485, 488–489.) The prosecution neither raised this issue at sentencing nor did it pursue the issue by means of cross-appeal. We therefore consider it waived.

## DISPOSITION

The judgment is modified as follows: (1) as to count 1, murder, the 10-year enhancement under section 186.22, subdivision (b)(1)(C) is stricken and a 15-year minimum parole eligibility term imposed; and (2) as to count 13, possession of a firearm by a felon, the sentence and related enhancement are stayed pursuant to section 654. The trial court is directed to prepare a new abstract of judgment reflecting these changes. The clerk shall forward the new abstract to the Department of Corrections. As modified, the judgment is affirmed.


RUBIN, P. J.


WE CONCUR:


BAKER, J.


MOOR, J.