Filed 1/26/22  P. v. Huntley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C093742 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1602140) |
| v. | |
| BRADFORD STEELE HUNTLEY, | |
| Defendant and Appellant. | |

In sentencing defendant Bradford Steele Huntley to an aggregate five-year term, the trial court imposed a consecutive term for a weapon enhancement and a concurrent term for its related substantive offense.  Defendant argues, and the People concede, this was in error.  We agree.  The parties disagree, however, on the appropriate remedy. Defendant urges us to modify the sentence to impose a concurrent term on the enhancement.  The People contend we should remand the matter for resentencing, provided the new sentence does not exceed the original.  We agree with the People.  We shall vacate the sentence and remand for resentencing.

1

## BACKGROUND

While under a restraining order prohibiting contact with his ex-girlfriend, defendant followed her and her new boyfriend into her house. Defendant, unarmed, opened the sliding glass door, walked in, and yelled at her new boyfriend to leave. Ex-girlfriend told defendant to leave, shutting the door behind him. Later, outside, defendant approached the couple, brandishing a wrench, stating, "I'm going to fuck you up." The new boyfriend called the police, and defendant left.

The People charged defendant with first degree burglary (Pen. Code, § 459),[1] with an allegation that a person other than an accomplice was present at the time of the offense (§ 667.5, subd. (a)(21)); stalking (§ 646.9, subd. (b)); and two counts of making criminal threats (§ 422), with allegations that defendant used a deadly weapon at the time of offenses (§ 12022, subd. (b)(1)). Defendant pleaded no contest to first degree burglary and a count of making criminal threats against the new boyfriend, admitting the attendant enhancements to each offense. In accordance with the plea, after defendant completed a drug treatment program, the trial court dismissed the remaining charges and held a hearing to determine his eligibility for probation, placing him on formal probation for three years.

Following multiple violations of probation, the trial court sentenced defendant to a five-year term consisting of four years for the burglary, a concurrent term of two years for the criminal threats, and a consecutive term of one year for the weapon enhancement.

## DISCUSSION

The parties agree the trial court erred in imposing a consecutive term on the weapon enhancement while imposing a concurrent term on the related criminal threats sentence. Defendant asks us to modify the sentence to impose a concurrent term on the

---

[1] Undesignated statutory references are to the Penal Code.

weapon enhancement, while the People argue we should remand for resentencing, provided the new sentence does not exceed the old.  We agree with the People.

We agree the trial court erred in imposing a consecutive term for the weapon enhancement divorced from its concurrent underlying offense.  Generally, an underlying offense and each attached enhancement constitute a single term of imprisonment. (*People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1311 (*Mustafaa*) [imposing a concurrent term on felony conviction and consecutive term for attendant weapon enhancement was an unauthorized sentence].)  The People also concede this was an unauthorized sentence, subject to correction at any time.  (*People v. Tua* (2018) 18 Cal.App.5th 1136, 1140.)

As to the remedy, we agree with the People that the matter should be remanded for resentencing wherein the trial court may not impose a total sentence more severe than the sentence originally imposed.  Where the trial court imposes a legal term, but fashions it in an unauthorized manner, and no mandatory elements are overlooked, double jeopardy principles prohibit a harsher sentence on remand.  (*Mustafaa, supra*, 22 Cal.App.4th at pp. 1311–1312; *People v. Torres* (2008) 163 Cal.App.4th 1420, 1432.)  Under section 1170.1, subdivision (a), the trial court could have imposed a four-year sentence on burglary as the principal term, a consecutive eight-month term on criminal threats as the subordinate term (one-third the two-year middle term), plus a consecutive four-month term (one-third the one-year term) on the weapon enhancement.[2]  Thus, the trial court could have fashioned a five-year aggregate sentence in a legally authorized manner. Alternatively, the trial court could run the criminal threats and its attendant enhancement concurrent to the burglary, resulting in an aggregate sentence of four years.  (§ 669, subd.

---

[2] "The subordinate term for each consecutive offense . . . shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a).)

(a).)[3]  We express no view as to how the trial court should exercise its discretion on remand.

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing consistent with this opinion.  On remand, the trial court may not impose a term greater than the five-year term originally imposed.

_____\s\_____,
BLEASE, Acting P. J.


We concur:


_____\s\_____,
ROBIE, J.


_____\s\_____,
MAURO, J.

---

[3]  We see no merit in defendant's unsubstantiated claim that the criminal threats sentence must run concurrent to the burglary sentence.  (*People v. Reeder* (1984) 152 Cal.App.3d 900, 923 ["The trial court is required to determine whether a sentence shall be consecutive or concurrent but is not required to presume in favor of concurrent sentencing"].)