Filed 3/21/23 P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DANIEL FUENTES SANCHEZ,<br><br>　　Defendant and Appellant. | H049354<br>(Santa Cruz County<br>Super. Ct. No. 19CR01173) |

Daniel Fuentes Sanchez pleaded guilty to two felony charges and no contest to one felony charge after a jury failed to reach a verdict. On appeal, Sanchez contends that his case should be reversed and remanded for resentencing in light of recent amendments to Penal Code section 1170, subdivision (b)[1] by Senate Bill No. 567 (2020-2021 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3). The Attorney General argues that remand is unwarranted because any error was harmless. We reverse the judgment and remand for further proceedings under the newly-amended section 1170.

### I.  Procedural Background[2]

On October 6, 2020, the Santa Cruz County District Attorney filed an amended information charging Sanchez with evading an officer (Veh. Code, § 2800.2, subd. (a); count 1); hit and run driving resulting in injury to another person (Veh. Code, § 20001,

---

[1] Undesignated statutory references are to the Penal Code.

[2] We have omitted the facts of the offense because they are not relevant to the analysis and disposition of this appeal.

subd. (b)(1); count 2); driving under the influence of a drug causing injury (Veh. Code, § 23153, subd. (f); count 3); resisting, delaying or obstructing an officer (§ 148, subd. (a)(1); count 4); possession of paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 5); and possession of a controlled substance (Health & Saf. Code, § 11377; count 6). The amended information also alleged a prior prison term under section 667.5, subdivision (b), and a prior strike conviction under section 667, subdivisions (b) through (i).

The case proceeded to a jury trial, after which the jury found Sanchez guilty of count 4 and not guilty of counts 5 and 6. The jury failed to reach a verdict on counts 1, 2, and 3, and the court declared a mistrial as to those counts. Before his scheduled re-trial on the unresolved charges, the trial court indicated that it would grant a *Romero*[3] motion to dismiss the strike allegation and sentence Sanchez to a suspended three-year upper term on count 1. As a result, Sanchez pleaded guilty to counts 1 and 2, and he pleaded no contest to count 3. He also admitted his prior strike conviction, and the court struck the alleged prior prison term enhancement.

At the sentencing hearing, in the context of its ruling on the *Romero* motion, the court discussed Sanchez's criminal record, as well as the positive changes that Sanchez made in his life over the course of this case. The trial court granted Sanchez's *Romero* motion to dismiss the strike allegation, over the opposition of the prosecution. The court then sentenced Sanchez to the upper term of three years for count 1, but the court ordered execution of that sentence suspended and ordered Sanchez placed on formal felony probation for two years. The court also imposed concurrent 90-day jail terms for counts

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (a trial court retains jurisdiction under § 1385 to dismiss a prior strike conviction if it finds that doing so would serve the interests of justice).

2

2, 3, and 4, and deemed that time served based on custody credits. In imposing the sentence, the court did not identify or discuss any aggravating or mitigating factors.

Sanchez timely appealed.[4]

## II. Discussion

Sanchez argues that he is entitled to remand for resentencing in light of Senate Bill No. 567, which amended section 1170, subdivision (b). The Attorney General contends that although Senate Bill No. 567's amendments to section 1170, subdivision (b) apply retroactively here, remand is not warranted because any error was harmless.

### A. *Senate Bill No. 567 Applies to Sanchez Retroactively*

At the time of Sanchez's sentencing, section 1170, subdivision (b) provided that the choice between sentencing a defendant to the lower, middle, or upper term "shall rest within the sound discretion of the court." (See former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to make the middle term the presumptive sentence. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*); § 1170, subd. (b)(1).) As amended by Senate Bill No. 597, section 1170, subdivision (b)(2) provides that the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by

---

[4] After this case was fully briefed, we requested supplemental briefing on: (1) the effect, if any, of an order of vacatur and remand because of the trial court's application of section 1170, subdivision (b) as amended by Senate Bill No. 567, upon the trial court's ruling in the *Romero* motion; (2) the application of *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314 (*Mitchell*) and *People v. Berdoll* (2022) 85 Cal.App.5th 159 to this case; and (3) the standard that governs the harmlessness inquiry as to any error that occurred in the trial court's failure to apply the amendments to section 1170, subdivision (b). We have considered that briefing in our analysis here.

the judge in a court trial." Section 1170, subdivision (b)(3) additionally provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

Sanchez's case was not final when the amendments to section 1170 effectuated by Senate Bill No. 567 took effect. We agree with the parties that Sanchez is entitled to retroactive application of the amended statute because it is an ameliorative change in the law and there is nothing to indicate that the Legislature intended the change to apply only prospectively. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *In re Estrada* (1965) 63 Cal.2d 740, 745.) While *Mitchell* held that a defendant who receives an upper-term sentenced based upon a plea agreement to a stipulated sentence is ineligible for relief under amended section 1170, subdivision (b), neither party contends that relief is unavailable where, as here, the defendant pleaded guilty and was sentenced pursuant to an indicated sentence. (See *Mitchell*, *supra*, 83 Cal.App.5th at pp. 1058-1059.) We agree with that assessment.

### B. *Prejudice*

The parties dispute the issue of prejudice. The Attorney General contends that we should apply the test from *Flores*, *supra*, 75 Cal.App.5th 495. In *Flores*, the court determined that remand was unnecessary on the record before it, holding that " '[i]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,' the error is harmless." (*Id.* at p. 500, quoting *People v. Sandoval* (2007) 41 Cal.4th 825, 838.)

The Attorney General asserts that under *Flores*, remand is not necessary here because a jury would have found true at least one of the aggravating factors listed in the probation report. Specifically, the Attorney General contends that these aggravated circumstances are tied to Sanchez's criminal history, and they could have been proved by

4

certified records of his prior convictions and prison commitments, rendering any error harmless. The Attorney General additionally argues that Sanchez's admission to the prior strike was effectively a stipulation to an aggravating factor.

Sanchez contends that aggravating factors relied upon by the Attorney General are unconstitutional and therefore not available for use in felony sentencing. Sanchez also argues that there is no certainty as to how the sentencing court would have ruled had the middle term presumption been in effect.

With regard to the standard for determining harmlessness, Sanchez contends that we should apply the two-pronged test set forth in *People v. Lopez* (2022) 78 Cal.App.5th 459 (*Lopez*) instead of following the *Flores* test. At the first step of the *Lopez* analysis, the court, applying the standard set forth in *Chapman v. California* (1967) 386 U.S. 18, decides whether "to conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor on which the court relied*, because the amended statute requires that every factor on which a court intends to rely in imposing an upper term, with the exception of factors related to a defendant's prior conviction(s), have been admitted by the defendant or proven to a jury." (*Lopez, supra*, at p. 466.) If so, then the error is not prejudicial. (*Ibid*.) If not, then the analysis proceeds to the second step, where "a reviewing court can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836, that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only" those aggravating factors that it could permissible consider, "rather than all of the factors on which it previously relied." (*Id*. at p. 467, fn. 11.) If not, "then it is clear that remand to the trial court for resentencing is necessary." (*Ibid*.)

*Lopez* requires the reviewing court to evaluate every factor on which the court relied, and we read *Flores* to require at least one aggravating factor that the trial court actually relied upon to withstand *Chapman* scrutiny. (See *Lopez, supra*, 78 Cal.App.5th at p. 466; *Flores, supra*, 75 Cal.App.5th at pp. 500-501.) Here, the court did not cite any

aggravating or mitigating factors when it imposed the upper-term sentence, and to the extent that the court referred to the content of the probation report at the sentencing hearing, it did so solely within the context of explaining its decision on the *Romero* motion.

Under either test, we determine that the matter must be remanded for resentencing because on the record before us we are unable to evaluate whether the jury would have found even a single aggravating factor relied upon by the court to be true beyond a reasonable doubt, given that the court did not cite any aggravating factors when it imposed the upper-term sentence here. Because we cannot resolve the question based on the record before us, we conclude that remand is required for the court to resentence Sanchez under amended section 1170, subdivision (b).

### *C. Remand*

The Attorney General contends that if this case were remanded, the trial court could reconsider its *Romero* ruling. Sanchez argues that even if the trial court is permitted to reconsider its *Romero* ruling, under *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 (*Mustafaa*), double jeopardy principles would bar the court from imposing a higher sentence on remand.

Because the original sentence was legal and authorized at the time it was imposed, we agree with Sanchez that on remand the trial court "may not impose a total sentence more severe than the sentence originally imposed" as a result of this appeal. (*Mustafaa*, *supra*, 22 Cal.App.4th at p. 1312; see also *People v. Torres* (2008) 163 Cal.App.4th 1420, 1432-1433.)

## III. Disposition

The judgment is reversed and the matter is remanded for resentencing under Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567 and in accordance with this opinion.

6

_____
                Wilson, J.

WE CONCUR:


_____
    Greenwood, P.J.


_____
      Danner, J.


People v. Sanchez
H049354