Filed 4/26/22  P. v. Donald CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NICKIE ALLEN DONALD,<br><br>        Defendant and Appellant. | A161060<br><br>(Contra Costa County Super. Ct. Case No. 51207059) |

Appellant Nickie Allen Donald appeals from a resentencing he contends resulted in an unauthorized greater sentence.  We disagree that the greater sentence was unauthorized.

However, we agree with Donald that remand is nonetheless necessary because the court failed to conduct a full resentencing hearing and was erroneously informed regarding whether certain terms of imprisonment could run concurrently or consecutively.  We therefore shall vacate the sentence and remand for a full resentencing hearing.

**FACTUAL AND PROCEDURAL BACKGROUND**

We set forth the factual and procedural background of this case in our earlier nonpublished decision affirming Donald's 2013 convictions for first-degree murder (Pen. Code, § 187, count 1),[1] attempted murder (§§ 187, 664,

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

count 2), shooting at an occupied motor vehicle (§ 246, count 3), and shooting from a motor vehicle (§ 12034, subd. (d), count 4), as well as the firearm allegations under section 12022.53 found true by the jury. (See *People v. Donald* (March 17, 2015, A139326, 2015 WL 1250446) [nonpub. opn.]. We do not repeat those details here and instead focus on the facts pertinent to this appeal of the court's recent correction to Donald's sentence.

In 2013, the trial court originally sentenced Donald to an aggregate term of 77 years and 4 months to life in prison. To reach this sentence, the court imposed for the first-degree murder conviction 25 years to life and a consecutive 25 years to life term for the section 12022.53, subdivision (d) ("section 12022.53(d)") firearm enhancement (for a total of 50 years to life on count 1); for the attempted murder conviction, the court imposed a consecutive term of 2 years and 4 months (1/3 of the midterm) and a consecutive 25 years to life term for the section 12022.53(d) enhancement. The sentences for the remaining two convictions were imposed and stayed.

In June 2020—approximately seven years after Donald's initial sentencing and five years after his unsuccessful appeal—the trial court received a letter from a Correctional Case Records Analyst from the Department of Corrections and Rehabilitation (CDCR) advising that a review of Donald's case files revealed his abstract of judgment "may be in error, or incomplete." Relevant to this appeal was a possible error as to the court's determinate sentence for the count 2 attempted murder conviction, which the letter said was incorrectly imposed at 1/3 of the midterm. Citing California Rules of Court, rule 4.451(a) ("rule 4.451(a)"), the letter explained that for the attempted murder conviction Donald "must be sentenced fully consecutively. The sentencing triad for this offense is 5, 7, or 9 years." The letter concluded by citing *People v. Hill* (1986) 185 Cal.App.3d 831 (*Hill*), noting that when

informed by CDCR that an illegal sentence exists, the court was entitled to reconsider all sentencing choices.

In August 2020, the court convened the parties to address the CDCR letter. The court agreed the sentence for count 2 needed to be adjusted because "1/3 of the midterm was impermissible" as the court was "required to run a full term consecutive." During argument, the People advocated that the lower term of five years on the attempted murder count be imposed to run consecutively on top of the 25-year-to-life enhancement under section 12022.53(d), also to be run consecutively; as a result, Donald's sentence would go from 77 years and 4 months to life to 80 years to life. Objecting, Donald asserted that under section 1170, subdivision (d) ("section 1170(d)"), the court could not resentence him to a sentence greater than his original one. Donald further observed that section 1170(d) gave the court "wide discretion to resentence him" and allowed the court to "go well below the 77[year-4-[month]-to-life sentence, or get us as close to it as possible." The court responded in part: "I'm directed to do certain things to correct the abstract [of judgment], and I will do those. And I do not believe it's a full resentencing. But even if it were, I can say that I would not strike the 12022.53(d)s under Penal Code section 1385 in this matter."

In resentencing Donald, the court imposed for the murder conviction the same aggregate 50-year-to-life sentence. The court altered the sentence for the attempted murder conviction and imposed a five-year determinate term to run consecutively and a 25-year-to-life term for the section 12022.53(d) enhancement also to run consecutively. For the remaining counts, the court as before imposed and stayed the sentences. The corrected sentence imposed an aggregate term of 80 years to life in prison.

## DISCUSSION

3

### A. The Corrected Sentence

Donald argues the corrected 80-year-to-life sentence violates California Constitution's prohibition against double jeopardy and section 1170(d)'s proscription against increased punishment because it exceeded his original sentence of 77 years and 4 months to life. We disagree with both contentions.

#### 1. Double Jeopardy

In *People v. Henderson* (1963) 60 Cal.2d 482 (*Henderson*), our Supreme Court established that when a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing." (*Id.* at pp. 495–497.) However, *People v. Serrato* (1973) 9 Cal.3d 753, 764 (*Serrato*), disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1, set forth the following exception to this general rule: "The rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*Serrato, supra,* at p. 764.) "When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court." (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693.)

Here, the trial court's initial sentence included for the attempted murder conviction a determinate term of 2 years and 4 months (1/3 of the midterm) and a term of 25 years to life for the section 12022.53(d) enhancement, both to run consecutively to the murder indeterminate sentence of 50 years to life. The parties agree that in consecutively sentencing Donald for the attempted murder count, the trial court could not

4

lawfully impose 1/3 of the midterm for the determinate base term.  Rule 4.451(a) states, "When a defendant is sentenced under section 1170 and the sentence is to run consecutively to or concurrently with a sentence imposed under section 1168(b) in the same or another proceeding, the judgment must specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence, must order that the determinate term be served consecutively to or concurrently with the sentence under section 1168(b), and must identify the proceedings in which the indeterminate sentence was imposed."  (Cal. R. Court, rule 4.451(a).)

Thus, the determinate term (the sentence for attempted murder) had to be computed without reference to the indeterminate sentence (the sentence of 50 years to life for murder).  The court was required to sentence Donald to five, seven, or nine years imprisonment for the attempted murder conviction.  (§ 664, subd. (a) ["If the crime attempted is any other one in which the maximum sentence is life imprisonment or death, the person guilty of the attempt shall be punished by imprisonment in the state prison for five, seven, or nine years."].)  Since the original two years and four months sentence could not be lawfully imposed under any circumstances, that term as well as the original aggregate sentence predicated upon it were unauthorized.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstances in the particular case"].)  Accordingly, the *Serrato* exception applies, and the trial court was not barred by the double jeopardy clause for imposing a more severe sentence than the original in its resentencing.

Donald acknowledges the *Serrato* exception but says it does not apply.  While he recognizes his original sentence "had an illegal component (Count 2 was run consecutively to Count 1 at 1/3 of the midterm)", he disputes that the

5

original aggregate sentence was unauthorized and thus eligible for the *Serrato* exception. He contends that "there is also an exception to the *Serrato* exception" when "there is a legally unauthorized component of the sentence, but the aggregate sentence is not legally unauthorized leniency." Asserting his to be such a case, Donald explains, "The trial court could run the determinate term in Count 2 concurrently to the 50-to-life term for murder in Count 1. [Citations.] Thus, the mandatory minimum term here is 50-to-life, and a sentence of 77 years, 4 months to life is much greater than that mandatory minimum term."

In support of these contentions that the original sentence was a legally authorized sentence (notwithstanding the errant component) that double jeopardy dictates cannot be exceeded, Donald relies on *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 (*Mustafaa*) and *People v. Torres* (2008) 163 Cal.App.4th 1420 (*Torres*). We are not persuaded as *Mustafaa* and *Torres* establish that once a trial court sentences a defendant to a *legal*, aggregate sentence, the constitutional guarantee against double jeopardy attaches and prohibits the court from thereafter resentencing the defendant to a greater sentence. [2] These cases are inapposite as, here, the trial court did not impose

---

[2]    In *Mustafaa, supra,* 22 Cal.App.4th 1305, the sentencing court imposed concurrent sentences for two robbery convictions, but consecutive sentences for the personal gun-use enhancements attached to those robbery convictions. (*Id.* at p. 1309.) This was error because the enhancements were not separate crimes that could stand alone. (*Id.* at p. 1311.) However, the appellate court concluded that the rule against double jeopardy prohibited imposition of a greater sentence on remand because "the court imposed a legal aggregate sentence, only fashioning it in an unauthorized manner." (*Id.* at pp. 1311–1312 ["[t]he court's error in separating the convictions from their attendant enhancements, though unauthorized by law, does not make the total sentence illegal."].)

In *Torres, supra,* 163 Cal.App.4th 1420, the trial court sentenced defendant to an upper term of seven years for criminal threats (count 3),

6

a legal sentence at the time of the original sentencing because, as the parties recognize, it could not impose the determinate 2-year-4-month sentence for the attempted murder conviction, resulting in the unauthorized aggregate 77-year-4-month sentence.

Donald makes no argument or calculation showing how the trial court could have lawfully reached the aggregate sentence originally imposed on him. Relying on the court's explanation in *Torres* that the sentence there "did not fall below the mandatory minimum sentence and was therefore not a legally unauthorized lenient sentence," Donald only contends that the original aggregate sentence was greater than the mandatory minimum and thus cannot be corrected updated because it did not fall below the mandatory minimum. That does not make it a legal sentence. The erroneous sentence

---

imposed and stayed the sentence of the dissuading a witness count (count 1), and struck gang allegations. (*Id.* at p. 1427.) Later, CDCR advised the trial court that the sentence imposed for a criminal threat conviction exceeded the authorized upper term of three years. (*Ibid.*) The trial court then resentenced the defendant to an indeterminate life term for the dissuading offense with an attached gang enhancement, with an express seven-year minimum term in custody. (*Id.* at p. 1428.) The appellate court agreed with defendant that the trial court's imposition of a more severe sentence after the CDCR disclosed the unauthorized sentence violated double jeopardy: "Here, the aggregate sentence of seven years imposed on defendant at the original sentencing hearing could have been lawfully achieved by imposing the mid term of two years on count three plus the consecutive enhancement term of five years; it did not fall below the mandatory minimum sentence and was therefore not a legally unauthorized lenient sentence. The one unauthorized component of the sentence originally imposed by the court was not lenient—it was in fact more severe than that authorized (the correct upper term for count 3 being three years rather than seven)." (*Id.* at p. 1432.) The court concluded that principles of double jeopardy precluded the trial court from imposing a sentence longer than originally imposed and directed that on remand no aggregate sentence greater than seven years be imposed. (*Id.* at p. 1433.)

in *Torres* could have been achieved lawfully under a different permutation, which Donald has not shown to be the case here.  Also, the language Donald relies on from *Torres* runs afoul of *Serrato*, in which our Supreme Court held that an unauthorized sentence can be corrected upward without any regard to whether the original sentence fell below some mandatory minimum.  That Donald's original sentence did not fall below some mandatory minimum does not prevent it from being a legally unauthorized lenient sentence subject to correction at any time with no bar to the imposition of a lawful sentence even though more severe.  (See *Serrato, supra*, 9 Cal.3d at p. 764.)

### 2.    Former Section 1170, subdivision (d)(1)

Former section 1170, subdivision (d)(1) ("former section 1170(d)(1)") authorized trial courts to recall sentences and resentence defendants in the same manner as if they had not previously been sentenced, provided any new sentence is not greater than the initial sentence.  That provision, which was in effect at the time of the trial court's resentencing of Donald, stated in part: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no

8

greater than the initial sentence." (Former § 1170, subd. (d)(1).)[3] That section required the resentencing court to "apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Ibid.*) It provided factors for the court to consider in resentencing including the defendant's disciplinary record and record of rehabilitation while incarcerated, risk of future violence, and whether continued incarceration was in the interest of justice. (*Ibid.*) It further permitted the trial court to reduce a defendant's term of imprisonment and modify the judgment if it found the reduction to be in the interest of justice. (*Ibid.*)

There is nothing in the record that indicates the trial court recalled Donald's sentence pursuant to former section 1170(d)(1), and Donald makes no argument on appeal to address this omission. We are aware that, at the hearing, Donald asserted that under section 1170(d), the trial court could not resentence him to a sentence greater than his original one and further noted the court's "wide discretion" under section 1170(d) to resentence him. However, the court dismissed Donald's comments, appeared to reject the argument that it was proceeding under section 1170(d), and proceeded to resentence him unconstrained by that section's prohibition against imposing a new sentence greater than the original.

Indeed, it would not have been possible for the trial court to recall Donald's sentence under section 1170(d)(1). As noted, the former statute authorized the trial court to recall a sentence in limited circumstances: (1)

---

[3]    On October 8, 2021, the Governor signed Assembly Bill No. 1540, which took effect on January 1, 2022 (Stats. 2021, ch. 719), after the parties completed briefing of this appeal. Assembly Bill No. 1540 substantially altered the recall and resentencing process and moved the resentencing provisions in former section 1170, subdivision (d)(1) to a new section 1170.03. (Stats. 2021, ch. 719, § 3.1.)

within 120 days of the date of commitment on its own motion, (2) upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates (or the county correctional administrator in the case of county jail inmates), or (3) upon the recommendation of the district attorney of the county in which the defendant was sentenced. None of these applied. The court had no authority to recall the sentence on its own motion in 2020 because more than 120 days had passed since it initially committed Donald in 2013. Nor did any authorized party recommend recalling Donald's sentence. Rather, resentencing was prompted by a CDCR letter from a CRCR analyst notifying the trial court that Donald's sentence "may be in error[] or incomplete" and requested the court review its files "to determine if a correction is required." Donald makes no argument and provides no authority establishing this was an authorized party. Therefore, the limitation in section 1170(d)(1) that "the new sentence . . . [be] no greater than the initial sentence" had no application and also provides no basis to vacate the corrected sentence.[4]

## B. Remand

Donald next contends that even if the corrected sentence were valid, we "should still vacate the corrected sentence and remand for another sentencing

---

[4] While the parties' briefing was complete before section 1170.03 took effect and thus does not address the recall and resentencing provisions in this new section, nothing in the new statute changes our analysis. As relevant here, section 1170.03 continues to authorize the trial court to recall a sentence in the limited circumstances set forth in the former section 1170(d)(1), that is, upon a trial court's own motion within 120 days of a defendant's commitment, and at any time upon the recommendation of certain authorized parties. (See § 1170.03.) Section 1170.03 adds the Attorney General as an authorized party if the Department of Justice originally prosecuted the case. Still, none of these limited circumstances apply.

hearing." According to Donald, remand is proper as the trial court did not exercise its sentencing discretion in an informed manner because, among other reasons, it failed to recognize: (1) it had to conduct a full resentencing hearing; and (2) its authority to run the determinate term for the attempted murder conviction count concurrent (rather than consecutive) to the indeterminate life term for the murder count.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Regardless of our view discussed *ante* that there was nothing objectionable about resentencing Donald upward, we conclude it is appropriate to remand this case for resentencing because it appears the court was not aware of the full scope of its discretionary powers on resentencing.

First, at the outset of the 2020 hearing convened by the court in response to the CDCR letter, the court plainly stated its view that it was not conducting a full resentencing. There is no dispute that the court's failure to conduct a full resentencing was erroneous. (See *Hill, supra*, 185 Cal.App.3d at p. 834.) When as here a hearing is conducted upon receipt of notice of an illegality in the sentence, the trial court is not limited to merely striking the illegal component of the sentence. (*Ibid.*) The trial court is allowed to

11

reconsider all of its sentencing choices because "an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme." (*Ibid.*) Under such circumstances, the trial court is "entitled to rethink the entire sentence to achieve its original and presumably unchanged goal." (*Ibid.*)

While the trial court's statement that "it would not strike the 12022.53(d)s" evidences the court's unwillingness to strike the firearm enhancements, it is not clear that the court would have reached the same sentence if it had been aware of the full extent of its discretion. The court's statements concerned only one component of Donald's sentence (the enhancements), even though the court was "entitled to rethink his entire sentence." (*Hill, supra,* 185 Cal.App.3d at p. 834.) By not conducting a full resentencing hearing — and focusing only on the specific issues identified by the CDCR — the trial court limited the scope of its discretion on resentencing. In addition, since there was no full resentencing hearing, it appears Donald had no opportunity to present to the court an updated sentencing brief. Thus, he was unable to present written arguments to the court that would have allowed it to consider his sentence in a fully informed manner. He did not have the chance to address in a brief the effect of Senate Bill 620, which took effect in 2018 after his initial sentencing, on his case. Nor was he able to advocate for a resentence in the context of that law, which provided trial courts newfound discretion in the furtherance of justice with respect to firearm enhancements. (See *People v. Tirado* (2022) 12 Cal.5th 688, 695–696.)

Second, the record shows the trial court erroneously believed that a *consecutive* sentence for the attempted murder conviction was mandatory.

12

The CDCR letter that prompted the resentencing informed the court that attempted murder "must be sentenced fully consecutively." The letter cited rule 4.451(a) as follows: " 'When a defendant is sentenced under section 1170 and the sentence is to run *consecutively* to a sentence imposed under section 1168[(b)] in the same or another proceeding, the judgment shall specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence, *shall order that the determinate term be served consecutive to the sentence* under section 1168, and shall identify the proceedings in which the indeterminate sentence was imposed.' " (Emphasis added.) However, this was the prior version of rule 4.451(a), since the operable version of the rule, which took effect on January 1, 2018, contemplated imposition of a determinate term "consecutive to or concurrently with" the indeterminate term under section 1168.

The applicable version of the rule states: "When a defendant is sentenced under section 1170 and the sentence is to run *consecutively to or concurrently* with a sentence imposed under section 1168(b) in the same or another proceeding, the judgment must specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence, must order that *the determinate term be served consecutively to or concurrently* with the sentence under section 1168(b), and must identify the proceedings in which the indeterminate sentence was imposed." (Cal. Rule of Court, rule 4.451(a), emphasis added.) In addressing the CDCR letter at the hearing, the court acknowledged an adjustment to the attempted murder sentence was necessary "because you cannot impose the one-third the midterm . . . and instead *are required to run a full term consecutive*." (Emphasis added.)

13

Given the two errors — the failure to conduct a full resentencing hearing and the trial court's mistaken understanding that the attempted murder sentence had to be imposed consecutively (which was aided by the faulty information in the CDCR letter) — there was too great a risk Donald was denied a fair hearing and deprived of fundamental procedural rights and, therefore, reversal is required. (See *People v. Downey* (2000) 82 Cal.App.4th 899, 912 [" 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal.' "].) We express no view concerning what sentence the court should impose on remand.

### C. Section 12022.53, subdivision (b) and (c) enhancements

Lastly, citing *People v. Gonzalez* (2008) 43 Cal.4th 1118 (*Gonzalez*), the People observe that "after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment, the remaining section 12022.53 firearm enhancements . . . that were found true for the same crime must be imposed and then stayed." (*Id.* at pp. 1122–1123.) The People contend the trial court failed to impose and stay the 10-year section 12022.53, subdivision (b) firearm enhancements and 20-year section 12022.53, subdivision (c) firearm enhancements the jury found true for each count, and that the abstract of judgment does not reflect the imposition or staying of these enhancements. The People request we correct these deficiencies in by modifying the judgment.

Donald agrees with the People's general discussion about the effect of *Gonzalez* on multiple section 12022.53 enhancements and that the abstract of judgment does not reflect the imposition and stay of the lesser section 12022.53 enhancements for certain counts. However, he disagrees with the People's proposition that we modify the judgment and asserts that on

14

remand, the trial court can impose and stay the lesser enhancements after it makes an informed decision about what sentence to impose on the attempted murder conviction.

Because we are remanding the matter for a full resentencing, we need not address these claims in detail. On remand, the parties can advance whatever arguments they wish regarding the sentencing for the enhancements, and preparation of a new abstract of judgment will be required.[5]

## DISPOSITION

The corrected sentence is vacated, and the matter is remanded for full resentencing. The trial court is further directed to prepare an amended abstract of judgment that correctly reflects all components of Donald's sentence and to forward the abstract of judgment to the Department of Corrections and Rehabilitation.

---

[5]    In urging us to not remand the case, the People also question the trial court's authority to strike any of the firearm enhancements since "long before the resentencing hearing in this case, [Donald's] original judgment became final for purposes of retroactive application of the ameliorative change in the firearm enhancement laws." If this issue is raised by the People on remand, the trial court may address it in the first instance.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

*A161060/People v. Donald*

16